(Reap. Dec. 9445)

FRANK J. MARKWALTER & Co. *v.* UNITED STATES

Entry No. 799140, etc.

(Decided June 2, 1959)

*Barnes, Richardson & Colburn* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals to reappraisement shown on the annexed schedule "A" have not been consolidated for trial, but are severally before us on one stipulation of facts as to all such appeals.

The merchandise of the entries is variously described in the invoices as dressed white tampico fiber; dressed black and white fiber; natural white and needle point fiber; colored fiber; black, grey, and bleached polished fiber; and other particular descriptions of fibers.

All were exported from Mexico, and were entered at the port of New York on the basis of a claimed United States value.

It is the contention of the importer that no merchandise such as or similar to these several varieties of fiber was freely offered in Mexico, at the time of the several exportations, either for domestic sale or for export to the United States. The appraiser was, and is, in agreement that there are no facts to support appraisement either on the basis of foreign or of export value.

Entries covering much, but not all, of the merchandise of these appeals were amended to reflect certain value additions to invoice prices. On appraisement, the appraiser accepted net weight of the merchandise as entered, but increased the per pound value.

The red-ink notations made by the appraiser on the official papers in reappraisement appeal No. 179862–A are typical of, although not identical with, the like notations found in the official papers of the other appeals. There is a notation advisorily that "Shrinkage sec. 14.3(e) Customs Regulations of 1943" is applicable; and a value advance of 0.781 per centum per pound was made. This resulted in appraisement at an advance over the amended entered value.

Because of this advance, and a similar advance as to at least some merchandise in each of these cases, plaintiff appealed to the court for reappraisement.

Counsel have submitted the several appeals for reappraisement listed in schedule "A," attached to and made a part of this decision, upon a stipulation to the effect that, on or about the date of exportation, merchandise such as or similar to that covered by the merchandise involved, was not freely offered for sale in the country of exportation either for home consumption or for export to the United States, and that United States value, as defined in section 402(e) of the Tariff Act of 1930, as amended, is the entered values of all such merchandise.

The record in *United States* v. *Freedman & Slater, Inc.*, 39 Cust. Ct. 717, A.R.D. 77, has been incorporated into the record in each of the cases, and it is stipulated that the issues in the *Freedman* case and in the instant cases are the same in all material respects.

In the incorporated case, it appeared, as a fact, that the moisture content of hides did not affect their per pound price in the principal market of Argentina, and that there was in Argentina the same per pound price for domestic offerings as for export to the United States.

The court held that, regardless of whether particular bales of hides gained or lost weight during the voyage of importation, due to moisture content, the per pound price in the principal market of Argentina remained constant and was the export (or foreign) value of the hides.

It is not clear from the tendered stipulation, but does sufficiently appear from the official papers, that there was no gain in weight during the voyage of importation, but there was a loss in weight. Entered weight appears to have been the net landed (shrunk) weight of the imported merchandise.

The issue is not precisely the same as the issue in the incorporated case, because the basis of valuation here is neither export nor foreign value. However, the parties have stipulated that the entered values are correct.

I find as facts:

1. That the merchandise covered by the entries in the appeals to reappraisement shown on the annexed schedule "A" consists of variously described fibers exported from Mexico and entered at the port of New York.

2. That, at the time of the several exportations, such or similar merchandise was not freely offered in Mexico for sale to all purchasers for home consumption or for export to the United States.

3. That, at the time of the several exportations, such merchandise was freely offered for sale to all purchasers in the United States, in the ordinary course of trade, at the prices shown in the entries, as amended.

I conclude as a matter of law:

1. That, at the time of exportations, there was no foreign or export value for the merchandise subject of the appeals shown in the annexed schedule "A," as such values are defined in section 402 (c) and (d) of the Tariff Act of 1930, as amended.

2. That United States value, as defined in section 402(e) of the Tariff Act of 1930, as amended, is the basis of value for appraisement of such merchandise.

3. That United States value of the merchandise covered by the entries in the appeals to reappraisement shown on the annexed schedule "A" is the several entered values of such merchandise, as amended.

Judgment will be entered accordingly.